U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC 3 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD CAHEE** | : | **DOCKET NO. 06-1043** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CITGO PETROLEUM CORPORATION** | : | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #24) wherein Citgo Petroleum Corporation ("Citgo") moves for summary judgment because there is no genuine issue of material fact with respect to Citgo's status as the "statutory employer" of Plaintiff, Richard Cahee. If found to be Mr. Cahee's statutory employer, Citgo is immune from tort liability and all of the allegations against the employer must be dismissed with prejudice. Mr. Cahee has filed no opposition to this motion.

## FACTUAL STATEMENT

On August 17, 2005, while employed by Brock Specialty who was under a contract with Citgo to paint and sandblast a tank, Mr. Cahee fell off a walkway at the Citgo facility and was allegedly injured. When the incident happened Mr. Cahee was in the course and scope of his employment with Brock Specialty. The work that Brock Specialty and Mr. Cahee was performing for Citgo on that day was an integral part of and essential to Citgo's ability to generate its goods, products, or services.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7]

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson*, 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Under Louisiana Revised Statute 23:1031, an injury to an employee arising out of and in the course of employment is covered under workers' compensation. Workers' compensation is the exclusive remedy of a statutory employee of a principal and the principal is immune from tort liability.[9]

The work that was being performed by Brock Specialty for Citgo on August 17, 2005 was being done pursuant to a contract between Brock Specialty and Citgo.[10]

Change Order One[11] contained the following provision:

Effective September 1, 1997, for Services provided within the boundaries of the State of Louisiana and for Services that are subject to Louisiana Law, Contractor [Brock Specialty] agrees and recognizes that Company [Citgo] shall be the Statutory employer of all contractor personnel assigned to provide Services under this Agreement in accordance with the requirements of Louisiana Revised Statutes R.S. Section 23:1061A(3).

The Change Order is a written contract between Citgo, as the principal and Brock Specialty, the contractor, wherein Citgo is recognized as the statutory employer of employees of Brock Specialty as required by Louisiana Revised Statute 23:1061. Under Louisiana Revised Statute

---

[8] *Anderson*, 477 U.S. at 249-50.

[9] La.R.S. 23:1032.

[10] Citgo exhibit C, Affidavit of John F. Jewell; exhibit D, affidavit of Michael Stillings.

[11] Originally, Citgo and Brock Maintenance, Inc. executed a contract, the terms of which were contained in a document entitled "Service Outline Agreement, Contract No.:4600002828, Project Title: Painting and Related Work."

3

23:1061(A)(3), once it is determined that a written contract creates a statutory employer relationship, there is a rebuttable presumption that can only be overcome by Plaintiff proving that the work he was performing at the time he sustained his injuries was not an integral part of or essential to Citgo's abiltiy to generate its good, products, or services.

Citgo has provided summary judgment evidence that establishes that the work Mr. Cahee was performing on the date of the incident was an integral part of and essential to Citgo's ability to generate its products.[12] Plaintiff has failed to oppose this motion or submit summary judgment evidence to rebut this presumption. Accordingly, the Court finds that Citgo was the statutory employee of Mr. Cahee at the time of the alleged incident and is immune from tort liability.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted dismissing all claims asserted against Citgo.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of December, 2008.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[12] Citgo's exhibit A, affidavit of Roy White.